## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE TICER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-859-MJR |
| | ) |
| **JEFFREY WHITBECK** | ) |
| **and ROBERT BURNS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Plaintiff states that he was scheduled to receive free medical treatment at St. Joseph's Health Center in Murphysboro, Illinois, for an unspecified liver ailment, but he was taken into custody on September 9, 2005. He asked to be taken to the Health Center for his scheduled treatment, but that request was denied. Plaintiff alleges that Defendants' refusal constitutes deliberate indifference to his serious medical needs, and that he suffered irreparable damage to his liver due to Defendants' failure to provide him with medical treatment.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively,

> sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Although the complaint is brief, the Court is unable to dismiss any portion of this action at this point in the litigation. *See* 28 U.S.C. § 1915A.

### APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint counsel to represent him in this matter (Doc. 3). Before the Court can consider a *pro se* plaintiff's motion for appointment of counsel, the plaintiff must make a showing that he has made reasonable efforts to find a lawyer on his own. *See Jackson*

*v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992).  Plaintiff states that he made phone calls and sent out letters, but he presents no documentation to indicate who he contacted, what areas of law those attorneys practice, or the substance of any actual response.  However, his motion would have to be denied in any event.

The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit.  *Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).  It appears that Plaintiff is competent to read, express his thoughts in writing and follow directions generally.  Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged.  In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases.  In most instances, if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Plaintiff's case is not particularly complex.  He contends that Defendants were deliberately indifferent to his medical needs, and the law governing Eighth Amendment claims relating to medical treatment of prisoners is well settled.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).  Plaintiff does not need to pore over law books to obtain additional precedent.  His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

Plaintiff's case is the kind of case that is likely to generate interest among members of the bar, so it is important for Plaintiff to try to find counsel on his own.  Because the cost of medical experts is so great, most individuals suing for medical mistreatment of the serious nature required

to state a claim under the Eighth Amendment seek out a lawyer who would be willing to take the case on a contingent fee basis. This means that if the plaintiff wins, the cost of the experts will be recovered and the lawyer will be paid for his or her time and expenses in pursuing the case. The contingent fee system serves as a reality check for litigants. If no lawyer with a background in medical malpractice cases is willing to take Plaintiff's case, chances are high that the case is one the lawyers have assessed either as not likely to succeed or as not likely to result in a damage award large enough to recoup the expense of prosecuting the case.

As noted earlier, Plaintiff has not provided support for his claim that he has made reasonable efforts to obtain representation. As he pursues this search, he will either find a lawyer willing to take the case or he will discover that no lawyer is willing to do so. It is difficult for lawyers to decline to take a case when the Court asks them to do so. Therefore, in an ordinary medical care case such as this one, it is inappropriate for a court to select a lawyer to take the case without regard for his or her assessment of the risks of incurring the expense of the lawsuit against the probability of succeeding on the merits of the case. If Plaintiff is to be represented by counsel, he will have to find counsel on his own. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **WHITBECK** and **BURNS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WHITBECK** and **BURNS**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WHITBECK** and **BURNS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Jackson County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

> requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of FED. R. CIV. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 24th day of July, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**