# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRUCE TICER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0859-MJR |
| | ) | |
| JEFFREY WHITBECK and | ) | |
| ROBERT BURNS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On December 6, 2005, Plaintiff, Bruce Ticer, filed suit against Defendants, Jeffrey Whitbeck and Robert Burns, pursuant to **42 U.S.C. § 1983**. Ticer alleges that Defendants were deliberately indifferent to his serious medical needs when they did not allow him to keep a medical appointment that he had scheduled prior to being taken into state custody.

On August 8, 2007, United States Magistrate Judge Donald G. Wilkerson issued a Scheduling and Discovery Order providing that all discovery must be completed by December 7, 2007, and that all dispositive motions must be filed by December 21, 2007. On August 13, 2007, and again on October 29, 2007, Defendants forwarded Interrogatories to Ticer at his address of record. The mail was not returned as undeliverable. Defendants received no response to their Interrogatories, and Ticer did not contact Defendants' counsel regarding them. On these grounds, Defendants sought an Order dismissing Ticer's Complaint for want of prosecution (Doc. 18).

**FED.R.CIV.P. 37(b)(2)** provides in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following . . . (C) An order . . .

dismissing the action or proceeding or any part thereof. . . ." **Rule 37** also allows the Court broad discretion in sanctioning parties for discovery violations.

On January 10, 2008, the Court held in abeyance its ruling on Defendants' motion to dismiss to allow Ticer a final opportunity to participate in discovery. The Court ordered Ticer to respond to Defendants' Interrogatories on or before Thursday, January 24, 2008, and stated that failure to timely respond to Defendants' Interrogatories would result in dismissal of this action for failure to make or cooperate in discovery, failure to prosecute and failure to comply with the Court's Orders. The Order was mailed to Ticer's address of record and was not returned as undeliverable.

On January 29, 2008, Defendants filed a supplemental motion to dismiss (Doc. 20), stating that Ticer had failed to file a response to their motion to dismiss and had failed to comply with the Court's Order to respond to their Interrogatories.

The deadline for Ticer to comply with the Court's Orders and to cooperate in discovery has passed, and, in spite of the Court's warning, Ticer has not responded.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss (Doc. 18) and Defendants' supplemental motion to dismiss (Doc. 20). Ticer's action is **DISMISSED** without prejudice for failure to cooperate in discovery, failure to prosecute and failure to comply with the Court's Orders. The Clerk of Court shall enter judgment in favor of Defendants, Jeffrey Whitbeck and Robert Burns, and against Plaintiff, Bruce Ticer. This case is closed.

**IT IS SO ORDERED.**

**DATED this 30th day of January, 2008**

                                                        **s/Michael J. Reagan**
                                                        **MICHAEL J. REAGAN**
                                                        **United States District Judge**